**RECEIVED**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUN 19 2018

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

| | | |
|---|---|---|
| IN THE MATTER OF THE TAX | ) | |
| INDEBTEDNESS OF: | ) | |
| | ) | Case No. 18-MJ-484 FLN |
| Fireside Lounge & Supper Club LLC | ) | |
| 37540 Goodhue Ave. | ) | |
| Dennison, MN  55018 | ) | |
| | ) | |
| COUNTY OF HENNEPIN | ) | |
| STATE OF MINNESOTA | ) | |

### AFFIDAVIT OF REVENUE OFFICER KRISTA SULLIVAN

Revenue Officer Krista Sullivan, having been first duly sworn, states as follows:

1.  I am a Revenue Officer employed in the Small Business/Self Employed Operating Division of the Internal Revenue Service, Department of the Treasury. As a Revenue Officer, I have the duty and authority to collect federal taxes by seizure and sale under the Internal Revenue Code, 26 U.S.C. § 6331.

2.  Assessments of tax, penalty and interest for the following periods have been  made against Fireside Lounge & Supper Club LLC, 37540 Goodhue Ave, Dennison, MN  55018, on the dates and in the amounts set forth below:

| Form | Tax Period | Assessment Date | Due as of 3/9/2018 |
|---|---|---|---|
| 941 | 06/30/2013 | 04/10/2017 | $27,672.41 |
| 941 | 09/30/2013 | 04/10/2017 | $30,065.88 |
| 941 | 12/31/2013 | 04/10/2017 | $29,845.82 |

SCANNED
JUN 1 9 2018
U.S. DISTRICT COURT ST. PAUL

| | | | |
|---|---|---|---|
| 941 | 06/30/2014 | 09/29/2014 | $12,074.85 |
| 941 | 09/30/2014 | 01/05/2015 | $23,255.90 |
| 941 | 12/31/2014 | 04/13/2015 | $11,969.01 |
| 941 | 03/31/2015 | 06/22/2015 | $773.50 |
| 941 | 06/30/2015 | 09/21/2015 | $16,693.58 |
| 941 | 09/30/2015 | 04/25/2016 | $3,727.32 |
| 941 | 09/30/2016 | 12/12/2016 | $2,483.89 |
| 1065 | 12/31/2014 | 11/14/2016 | $4,965.44 |

3.   The assessments set forth above were made pursuant to 26 U.S.C sections 6201, 6203, and 6303, the first notice and demand for payment was  given to the taxpayer prior to or on the date that is 60 days after the date upon which each amount was assessed, as set forth above.

4.   Fireside Lounge & Supper Club LLC has neglected or refused to pay the full amount of the tax assessed within 10 days after such notice and demand, and this neglect or refusal continues.

5.   As of 03/09/2018, there is now due and owing and unpaid with respect to such tax, penalty and interest, a total amount of $193,288.97.

6.   By reason of the assessment, a lien has arisen on all property and rights to property of said taxpayer as prescribed by IRC Sections 6321 and 6322.

7.   By reason of the taxpayer's neglect and failure to pay such tax within 10 days after notice and demand, a levy may be made on all property and rights to property belonging to the taxpayer or to which the federal tax lien attaches.

8.   Notices of intent to levy and your right to hearing, as required by IRC Sections 6330

and 6331(d), were provided to the taxpayer by certified mail on the following dates: 06/19/2017, 06/19/2017, 06/19/2017, 11/17/2014, 03/10/2015, 06/10/2015, 07/14/2015, 11/17/2015, 12/05/2016, and 06/13/2017 for the Form 941 liabilities for the periods ending 06/30/2013, 09/30/2013, 12/31/2013, 06/30/2014, 09/30/2014, 12/31/2014, 03/31/2015, 06/30/2015, 09/30/2015, and 09/30/2016, respectively, and on 12/05/2016 for the Form 1065 liabilities for the period ending 12/31/2014. The taxpayer did not exercise its Collection Due Process rights on any of the tax periods.

9.    Notice of Federal Tax Lien filings were filed with the Minnesota Secretary of State on 11/21/2014, 3/21/2015, 06/20/2015, 12/04/2015, 07/09/2016, 12/16/2016, 6/210/2017, and 6/29/2017 for the Form 941 liabilities for the periods ended 6/30/2013, 9/30/2013, 12/31/2013, 6/30/2014, 9/30/2014, 12/31/2014, 3/31/2015, 6/30/2015, 9/30/2015, 9/30/2016, and Form 1065 liability for period ended 12/31/2014. A Notice of Federal Tax Liability was also filed in Goodhue County on 05/8/2015 for the Form 941 liability for the period ending 6/30/2014.

10. Taxpayer is an LLC operating as a restaurant and bar that also provides catering services and sells off sale liquor, beer, wine, cigarettes and non-alcoholic beverages. Taxpayer reports income taxes in the form of a partnership, which is owned 50% each by husband and wife Joseph Amy and Michele Amy. The taxpayer rents the business premises, located at 37540 Goodhue Avenue, Dennison, MN 55018, from M J Properties of Dennison Inc., EIN 68-0527294, which is an S Corporation owned 100% by Michele Amy. The taxpayer provided me an estimated profit and loss statement, which stated that it estimates obtaining $73,600 of income in the month of May. Approximately 46% of the taxpayer's income is in cash. In my

3

experience and training as an IRS Revenue Officer, I am aware that typically, restaurants will keep cash locked up in a safe on premises to hold until bank deposits can be made.

11. The assets located within the premises that are the subject of seizure will be unopened inventory of liquor, beer, wine, non-alcoholic drinks, cigarettes, and cash or other negotiable instruments, as may be found in cash registers or within any safes located in the taxpayer's office in the basement of the building.

12. I know of the existence of the above mentioned assets from field visits to view assets and meet with the taxpayer and representatives on 9/28/2016 and 11/9/2017. I also checked the website and called the business on May 10, 2018, to confirm they were still open.

13. Based on the taxpayer's officer's statement regarding what the taxpayer orders each week, I estimate the value of the property to be in excess of $5,000. The estimated costs of this seizure are $500. Seizure of such assets would not be an uneconomical levy. The furnishings of the restaurant do not contain much value for resale purposes, and thus are not subject to this request.

14. Seizure is the only remaining viable solution to collect the amounts owed to the United States. Alternative remedies including third-party levies have not been successful and the taxpayer has refused to provide financial information to the extent that it would allow for consideration of any collection alternatives such as an installment agreement.

15. This is the third successive entity run by the taxpayers, with unpaid taxes for all three entities totaling $600,000 over a period of 9 years.

4

16. On 11/9/2017, I requested permission to enter the premises for the purpose of levying property under section 6331 of the Code, and was verbally denied consent to enter by Joseph Amy.

Krista Sullivan
Revenue Officer
Internal Revenue Service

Sworn and subscribed before me
On this the 24ᵗʰ day of May, 2018

The Honorable Franklin L. Noel
United States Magistrate Judge